**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER APPOINTING** |
| | ) | **STANDBY COUNSEL** |
| vs. | ) | |
| | ) | |
| Michael Howard Reed, | ) | |
| | ) | Case No.  4:09-cr-076 |
| Defendant. | ) | |

The defendant, Michael Howard Reed, made his initial appearance in the above-entitled action on November 20, 2009.  The court, upon reviewing Reed's financial affidavit, appointed Assistant Federal Public Defender Orell Schmitz to represent him.

Reed next appeared before the court on November 25, 2009, for a combined detention and arraignment hearing.  During these hearings Reed expressed his desire to proceed *pro se* and fire Mr. Schmitz, who was appointed to act as standby counsel.

The court convened a hearing on December 3, 2009, to confirm that Reed was intent on proceeding *pro se* and to clarify what the role of standby counsel would be.   During the hearing, the court advised Reed of his right to counsel and reviewed with him once again the nature of the charges pending against him and the consequences of being found guilty.  The court further explained the pitfalls of proceeding *pro se* and strongly recommended that he accept court-appointed counsel.  Reed nevertheless again waived his right to court-appointed counsel and re-asserted his right to represent himself *pro se*.  In so doing, Reed acknowledged on the record that he is responsible for his own defense, including any poor choices that he may make.  Also, he acknowledged that, if he changed his mind, it may be too late in terms of any adverse consequences

1

that may result.

Based on the foregoing, the court again accepts Reed's waiver of his right to counsel, finding that he has knowingly, voluntarily, and with a full understanding of the likely negative consequences elected to proceed *pro se*.

Nevertheless, in order to protect the integrity and ensure the continuity of the proceedings, the court has appointed Mr. Schmitz to act as standby counsel whose role will be limited to being ready to take over the defense at trial in the event Reed should change his mind about proceeding *pro se* and to providing technical assistance at trial if requested by Reed. And, just so there is no misunderstanding, let it be clear that appointed counsel is not Reed's "co-counsel," paralegal, or investigator. Appointed counsel shall have no responsibility for the defense of Reed, which is solely Reed's undertaking and responsibility having elected to proceed *pro se*. See, e.g., United States v. Keiser, 578 F.3d 897, 903-904 (8th Cir. 2009); United States v. Chavin, 316 F.3d 666, 671-672 (7th Cir. 2002); United States v. Nivica, 887 F.2d 1110, 1121 (1st Cir. 1989).

Accordingly, the court appointed Assistant Federal Public Defender Orell Schmitz as standby/advisory counsel. The Clerk's office shall provide Assistant Federal Public Defender Orell Schmitz with copies of all of the filings in this case in addition to serving the defendant.

**IT IS SO ORDERED.**

Dated this 4th day of December, 2009.

                                              */s/ Charles S. Miller, Jr.*
                                              Charles S. Miller, Jr.
                                              United States Magistrate Judge