### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NORTH DAKOTA
### NORTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTIONS TO DISMISS** |
| vs. | ) | |
| | ) | |
| Michael Howard Reed, | ) | Case No. 4:09-cr-076 |
| | ) | |
| Defendant. | ) | |

_____

Before the Court are declarations which the Court will treat as a motion to dismiss and a

formal "Motion to Dismiss" filed by the Defendant on November 25, 2009 and November 30, 2009.

See Docket Nos. 12 and 24.  The Government filed a response in opposition to the motions on

December 10, 2009.  See Docket No. 31.  The Defendant filed a reply brief on December 21, 2009.

See Docket No. 32.  The Defendant's motions are denied for the reasons set forth below.

The defendant, Michael Howard Reed, was indicted in federal court for possession of a

firearm and ammunition by a fugitive from justice in violation of 18 U.S.C. §§ 922(g)(2) and

924(a)(2).  See Docket No. 1.  The indictment alleges that from in or about March 2009 through

June 2009, Reed, a fugitive from justice from the State of Nevada, did knowingly possess a firearm

and ammunition.

Reed now moves to dismiss the indictment for lack of jurisdiction.  Reed's declaration

provides, in relevant part:

> That, I, Michael Howard Reed, Declarant herein, by making this declaration, state
> that it is the intent and purpose of Declarant to declare his independence from the
> purported unincorporated de facto NEW STATES, "this state" or "Federal States"
> and repatriate all his property and the property of his proper person and legal
> personality or juristic person, from any and all resulting trusts, presumed and
> otherwise.  The intent and purpose of the Declarant are to reconstitute the proper
> person and legal personality of the living Man in relation to all commercial

agreements and contracts relative to the organic Constitution for the United States of America adopted in A.D. 1789, and as amended in A.D. 1791, adding the "Bill of Rights".

That, I, Michael Howard Reed, Declarant herein, state that such property includes, but is not limited to, all My real and personal property previously *transferred* in error or by fraudulent registration, pledges, or otherwise, to the legislative corporate United States and its instrumentalities, a/k/a the District of Columbia and/or the trust, STATE OF MONTANA, regardless of their location within the legislative corporate United States or other countries foreign to the legislative corporate United States and its territories.  Such properties, **separated from public domain by purchase**, are now declared **private property** and under the organic state Constitutions are not subject to any form of legal disability by the legislative democracy known as the United States, a/k/a the District of Columbia and its instrumentalities, a/k/a the STATE OF MONTANA.

That, I, Michael Howard Reed, Declarant herein, declare that I am a private Montana Citizen, and am not a party to the federal or state Constitutions.

. . .

Declarant herein, Michael Howard Reed, has the **Right** through his political Choice, Will, and Intent, to cancel, sever, forfeit and waive, and refuse to voluntarily accept all benefits and refuse to voluntarily contract with the democracy known as the legislatively created corporate United States and its instrumentalities, a/k/a the District of Columbia and/or the STATE OF MONTANA, and to lawfully declare allegiance to the Republic known as Montana, one of the United States of America Republics, wherein is protected the Right to Life, Liberty, and the Pursuit of Happiness, and reclaiming, repatriating, and retaining all his res property formerly, pledged, registered and held in trust by the legislatively created corporate United States and its instrumentalities for the use and general welfare of the "citizens" of the United States, a democracy, without interference from anyone, including governments, their agents, or their agencies.

Declarant herein, Michael Howard Reed, has knowingly, intentionally, and voluntarily exercised **His Right**, and has not only **expressed his political will and preference to be a member of the sovereignty in the Montana republic, ab initio and nunc pro tunc**, and from the date of his birth, **but refuses to be subject to the legislatively created corporate United States, a democracy and its instrumentalities.**

Declarant herein, Michael Howard Reed, has lawfully **repatriated his res property**, including but not limited to, **all** His estates and private properties, real and personal, tangible and intangible, including all property pledged and registered with the

2

legislatively created corporate United States and its instrumentalities, into the Montana Republic **and** The United States of America, the Republic, and under their Laws.

**Declarant's properties include, but are not limited to, real and personal property located anywhere with The United States or any other country foreign to the United States and its instrumentalities, especially real property located anywhere within the continental United States of America, including within the land mass known as the Montana Republic, previously transferred, donated, or granted in error or fraudulently, by pledges, registrations, or otherwise, to the legislatively created corporate United States and its instrumentalities, a democracy.**

Declarant's properties, formerly held in trust by the legislatively created corporate United States and its instrumentalities, **from Declarant's Birth-date**, for the general welfare and benefit of all the "citizens of the United States" within the communal 14th amendment public trust, and other resulting charitable, or implied trusts, are withdrawn from such trusts and are declared **private property, separated from public domain by** purchase, are **no longer subject to encumbrances and control** by the legislatively created corporate United States, a/k/a the District of Columbia and its instrumentalities and/or the STATE OF MONTANA.

See Docket No. 12 (emphasis and errors in original).

In Reed's "Motion to Dismiss" filed on November 30, 2009, he alleges lack of subject matter jurisdiction and personal jurisdiction "'as found in the Federal Rules of Criminal Procedure 12(B)(1)(2)(3)(4)(5)(6)' and 18 USC, 31-42 and Federal Rules of Civil Procedure 12B-3B, 12B-3C, 12-4G, 16-C1." See Docket No. 24. Reed states,

> I:    boa-kaa-konan-na-ishkawaanden=Michael-Howard-Reed=original-creditor-original-beneficiary:  for MICHAEL-HOWARD-REED=original-debtor-trustee-agent; Under the Penalties of Perjury Affirm that MICHAEL HOWARD REED©TM is a Fictional Entity . . . .
>
> I:    boa-kaa-konan-na-ishkawaanden=Michael-Howard-Reed=original-creditor-original-beneficiary:  for MICHAEL-HOWARD-REED=original-debtor-trustee-agent; Acceptance for Value that Section 39.2 of the Criminal Code of Canada **"Defence without claim of Right"** applies to Her Majesty in Right Of Canada/U.S. of North America et al and Her Majesty in Right of North Dakota, et al and that everyone who is in **peaceable possession** of their personal property, but does not claim "it" as a right or does not act under the authority of a **person** or "its" Agent

3

who claims "it" as a right, is not justified or protected from criminal responsibility for defending his possession against a person who is entitled by law to possession of "it"; and that

**Thus my people, the people of the Esens** require the **Immediate Release** of the **Illegal capture of the fictional entity, cargo, chadel** of MICHAEL HOWARD **REED©TM** of boa-kaa-konan-na-ishkawaanden of the Tribus-Esens, and **Quit the Order of Arrest for this entity as if "it" was the** boa-kaa-konan-na-ishkawaanden of the Tribus-Esens, **THIS CONTRACT WILL BE COMMERCIAL LIEN SHOULD THIS AFFIDAVIT OF OBLIGATION BE DISHONORED AND IT IS YOUR SWORN DUTY AS AGENTS, OFFICERS, ASSIGNS, ASSIGNEES, JUDGES, JUSTICES, JUSTICES OF THE PEACE.  CLERKS, CROWNS COUSEL, REGISTRARS, SHERIFFS BALIFFS, RCMP, U.S. MARSHALLS, U.S. PROBATION OFFICERS, STATE/PROVINCIAL POLICE ASSOCIATIONS, CANADIAN/UNITED STATES AND STATE/PROVINCIAL MUNICIPALITIES AND DISTRICTS, INDIAN BANDS, INDIAN TREATY BANDS, YOU ARE ONLY OUR COMMISSIONERS, WITH THE DUTY AND OBLIGATION TO NOT ABROGATE AND DEBROGATE FROM YOUR QUEEN GREAT BRITAIN'S ORDERS IN COUNCIL.  We are still Her Majesty's Royal Allies, we pray for relief, by the authority of the** boa-kaa-konan-na-ishkawaanden **for the people of the** Esens . . . .

. . .

By capturing **:boa-kaa-konan-na-ishkawaanden=**Michael-Howard-Reed=original-creditor-original-beneficiary: for MICHAEL-HOWARD-REED=original-debtor-trustee-agent; and using it as the fiction MICHAEL HOWARD REED, This Is an Unlawful Act with Unlawful Intent Not Governed by the Uniform Commercial Code (UCC) . . . .

See Docket No. 25 (emphasis and errors in original).

Suffice it to say the pleadings filed by Reed to date are plagued with vagueness, confusion, and indecipherable gibberish.  Reed appears to be arguing that he is a sovereign, namely that he is a member of the "esens-tribus-family" or the "Little Shell Nation" Indian tribe, and, therefore, he is not subject to the laws of the United States.  See Docket Nos. 25, 32, and 34.  The indictment alleges that the acts occurred in the District of North Dakota and that he violated federal law.

In <u>United States v. White</u>, 2008 WL 4816987 (W.D. Mo. Oct. 31, 2008) (unpublished), a

federal district court considered whether a defendant alleging that he was a member of the American

Indian tribe known as the Pembina Nation Little Shell Band of North America was entitled to

diplomatic immunity from arrest and federal prosecution. The court determined that the defendant

was not protected by diplomatic immunity:

> The Vienna Convention was opened for signature in 1961 and was signed by
> the President of the United States in 1972. The Vienna Convention subsequently
> was expressly incorporated by Congress into the Diplomatic Relations Act of 1978,
> 22 U.S.C. §§ 251-59. By its express terms, the Vienna Convention provides absolute
> immunity from criminal prosecution for diplomats and those household family
> members who are not nationals of the proposed prosecuting state. Vienna
> Diplomatic Convention, art. 31(1), 37(1); see also <u>Mukaddam v. Permanent Mission
> of Saudi Arabia to United Nations</u>, 111 F. Supp. 2d 457, 468 (S.D.N.Y. 2000).
>
> Generally an individual must be accredited by the State Department as a
> diplomatic official in order to be entitled to full diplomatic immunity . . . . A foreign
> government cannot unilaterally establish diplomatic immunity; the State
> Department's assessment of the individual's functions, not assertions of the guest
> nation, are generally determinative. Ved. P. Nanda, David K. Pansius, Litigation of
> International Disputes in U.S. Courts [The Vienna Diplomatic Convention], § 4.4
> (2008).
>
> As the Supreme Court has often noted, it is true that "Indian tribes occupy a
> unique status under our law," and "retain some of the inherent powers of the self-
> governing political communities that were formed long before Europeans first settled
> in North America." <u>Nat'l Farmers Union Ins. Cos. v. Crow Tribe</u>, 471 U.S. 845, 851
> (1985). Contrary to White's assertion, however, Indian tribes and their members are
> not covered by the foreign diplomatic immunity provisions adopted into United
> States law. <u>Richmond v. Wampanoag Tribal Court Cases</u>, 431 F. Supp. 2d 1159,
> 1177 (D. Utah 2006). <u>See also</u> <u>Bank of Oklahoma v. Muscogee (Creek) Nation</u>, 972
> F.2d 1166, 1169 (10th Cir. 1992) (noting that "the Supreme Court has explicitly
> stated that Indian tribes are not foreign sovereigns, but are 'domestic dependent
> nations.'").

<u>White</u>, 2008 WL 4816987, at *2.

The Court expressly finds that Reed's allegations that he is a protected member of the Little

Shell Indian tribe who is to be afforded immunity from arrest and prosecution in federal court is

5

devoid of any factual or legal merit.  Even if the Court were to accept the defendant's assertion that

he is a member of a sovereign nation, that fact would not relieve him of criminal liability for

violations of federal law committed within the Court's jurisdiction.  Any tribal sovereignty which

may belong to members of the Little Shell Indian tribe, or any similar entity, does not extend to

shield the defendant from the legal consequences of his own private off-reservation activities.  In

addition, Reed's argument that his name, and certain derivations of his name, have been copyrighted

and he is thus immune from criminal prosecution, is equally devoid of any reason, logic, or merit.

Further, Reed's reliance on the Uniform Commercial Code as support for the argument that this

Court lacks jurisdiction is devoid of merit.  Suffice it to say that the Uniform Commercial Code has

no bearing or relevance whatsoever on criminal subject matter jurisdiction.

Reed also alleges that because he is not a convicted felon, the indictment fails to properly

state a claim against him.  The indictment alleges that Reed, a fugitive from justice, possessed a

firearm and ammunition.  The indictment does not allege that Reed is a convicted felon, and being

a convicted felon is not an element of the offense of possession of a firearm and ammunition by a

fugitive from justice.  "'To be sufficient, an indictment must fairly inform the defendant of the

charges against him and allow him to plead double jeopardy as a bar to future prosecution.'" United

States v. Hance, 501 F.3d 900, 906 (8th Cir. 2007) (quoting United States v. Dolan, 120 F.3d 856,

864 (8th Cir. 1997)).  "An indictment is insufficient if it fails to allege an essential element of the

crime charged." United States v. Jenkins-Watts, 574 F.3d 950, 968 (8th Cir. 2009).  "An indictment

will normally be held sufficient unless it is so defective that it cannot be said, by any reasonable

construction, to charge the offense for which the defendant was convicted." United States v.

Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993).  The Court finds that the indictment properly sets forth the necessary elements for possession of a firearm and ammunition by a fugitive from justice.

The Defendant's motions to dismiss (Docket Nos. 12 and 24) are **DENIED**.  The Court finds that the Defendant has subjected himself to the laws of the United States and the indictment is sufficient to charge the Defendant with the crime of possession of a firearm and ammunition by a fugitive from justice.

**IT IS SO ORDERED.**

Dated this 5th day of January, 2010.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court
